JOHN BUFFINGTON, Appellant, v. BRAND STOVE
COMPANY, Respondent.

**St. Louis Court of Appeals, December 4, 1900.**

**Contract, Construction of.** In the case at bar the clear meaning of the
contract is, that if plaintiff succeeded in selling goods at a certain
price, or if defendant should do so for him, the defendant could
afford to pay and would pay plaintiff fifteen per cent commission
on such sales; but if plaintiff, in order to make a sale, or if defend-
ant in dealing directly with one of his customers, was compelled to
cut the price below that mentioned in the contract, then the plaintiff
would receive only five per cent, on the theory that as to such sales
the defendant could not afford to pay the larger commission.

Appeal from the St. Louis City Circuit Court.—*Hon.
Franklin Ferris,* Judge.

AFFIRMED.

*J. W. Collins* for appellant.

An appellant's commissions are not affected by the prices
at which respondent sells goods to his customers. Under
the contract he is entitled to fifteen per cent on the amount of
goods sold by respondent to his customers, whatever price
it may see fit to sell at. The provision of the contract quoted
above is penal in its nature. It provides and imposes a pen-
alty of ten per cent on appellant when he sells goods at lower
rates of discount than those allowed by the contract.

*Lee W. Grant* for respondent.

We could, with great propriety, rest our case in this

court on the very simple proposition that where no instructions have been asked by either party, and where the case is tried by the court without the intervention of a jury, all presumptions are indulged by the appellate court in favor of the correctness of the ruling of the trial court. This is the undoubted law. We have done more than that, however; we have shown that, under the evidence as admitted, the court could have rendered no other judgment than what it did render.

BIGGS, J.—The plaintiff was employed by the defendant to sell stoves and ranges on commission. The contract between the parties was in writing. The defendant agreed to pay plaintiff "a commission on all orders obtained by him or received from his customers direct in the territory hereinbefore provided for, as hereinafter provided: Fifteen per cent commission on the first $10,000 of orders accepted and shipped, ten per cent commission on the excess up to $20,000 on orders accepted and shipped, five per cent commission on the excess of any amounts exceeding $20,000 on orders accepted and shipped. It is further understood that said party of the second part is to receive only a commission of five per cent on all orders which he sells at a lower price than fifty and ten per cent off list of 1896-97 catalogue," etc. At the termination of the employment the parties disagreed as to the balance due plaintiff. The latter claimed three hundred and eighty-four dollars and seventy-five cents, and the defendant insisted that nothing was due. The court, sitting as a jury, found in favor of the plaintiff in the sum of forty-seven dollars and eight cents, from which he appealed. No exceptions were saved as to the admission or rejection of evidence, and no instructions were asked or given.

The facts in this case are simple, and the law of the case

is very plain. The first matter of controversy concerned a claim for commission on an alleged sale to one Mulvihill. The defendant's evidence tended to show that the order was rejected by the defendant. The circuit court evidently credited this testimony and disallowed the item, and its judgment must be upheld as the contract provides that commissions should be paid only on accepted orders.

The other disputed items were for commissions claimed by plaintiff on orders from the firm of Hellrung & Grimm direct to the defendant without the intervention of plaintiff. It was conceded that the goods were sold at less than "fifty per cent, ten per cent off the list price," and that Hellrung & Grimm were customers of plaintiff. The defendant claimed that as the goods were sold for less than the price mentioned in the contract, the plaintiff was entitled only to five per cent commissions. The circuit court sustained the defendant's view of the matter, and we think it was right. The clear meaning of the contract is, that if plaintiff succeeded in selling goods at a certain price, or if defendant should do so for him, the defendant could afford to pay and would pay plaintiff fifteen per cent commission on such sales. But if plaintiff, in order to make a sale, or if defendant in dealing directly with one of his customers, was compelled to cut the price below that mentioned in the contract, then the plaintiff would receive only five per cent, on the theory that as to such sales the defendant could not afford to pay the larger commission. The plaintiff's contention that the reduction in the commission was intended only as a penalty for cutting prices by him, is untenable.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered.